IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD REYNOSO, JOE BOSQUEZ, BILLY SWAIN, LEAGUE OF UNITED LATIN AMERICAN CITIZENS, COUNSEL # 4427 (LULAC), and the AMARILLO CHAPTER of the NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (AMARILLO NAACP),<br><br>　　　　　PLAINTIFFS,<br>v.<br><br>AMARILLO INDEPENDENT SCHOOL DISTRICT, JULIE ATTEBURY, SAM LOVELADY, JACK THOMPSON, ANETTE CARLISLE, BILL DANIEL, BOB SANDERS, and DICK WEIN-BERGER, in their Official Capacities as Members of the Board of Trustees,<br><br>　　　　　DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION CAUSE NUMBER<br><br>2:98-CV-186-J |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 23 1999
NANCY DOHERTY, CLERK
BY_____ Deputy

ENTERED ON DOCKET
SEP 23 1999
U.S. DISTRICT CLERK'S OFFICE

### ORDER

　　This is a voting rights act case. Plaintiffs filed suit alleging that the place-numbered at-large system of selecting members of the Amarillo Independent School District school board diluted minority voting strength and prevented election of minority board members. The case settled. On September 16, 1999, the Court entered final judgment adopting a settlement which provided for cumulative voting. The Court now addresses Plaintiffs' motion for attorneys' fees and expenses.

**Factual Background**

The original complaint was filed on May 29, 1998. Plaintiffs were Richard Reynoso and Joe Bosquez, Billy Swain, and LULAC. Reynoso and Bosquez are registered voters of Hispanic origin. Swain is a registered voter of African American origin. LULAC is a membership organization whose members include Hispanics and African Americans who are registered voters of the Amarillo I.S.D. Rolando Rios represents Swain and LULAC. Three attorneys from MALDEF represent Reynoso and Bosquez.

On December 11, 1998, Plaintiffs amended their complaint adding the Amarillo chapter of the NAACP as a party plaintiff. The amended complaint sought the same remedy as the original complaint. Rolando Rios, who already represented Swain and LULAC, represents the NAACP.

The case settled on the eve of trial. The settlement calls for a cumulative voting scheme for seven at-large unnumbered places with elections under the current term schedule. It was further agreed that the District would conduct two public voter education sessions, publish newspaper notices describing the change, request newspaper articles explaining cumulative voting, and consider increasing the number of voting places in minority neighborhoods. Finally, all the Plaintiffs as well as the members of LULAC and the NAACP agreed not to sue the District until they had first brought their concerns regarding elections to the Board of Trustees and the Amarillo I.S.D. Superintendent and worked in good faith to resolve such concerns before filing any more lawsuits.

Plaintiffs argue that this cumulative voting scheme has the potential to elect minority preferred candidates. Plaintiffs allege that they obtained the primary relief sought and are therefore prevailing parties in this case. They seek attorneys' fees and costs on that basis.

Defendants object to the fees and costs sought. Defendants ask the Court to disallow or reduce fees and costs for travel, for undocumented expenses, for multiple attorneys at depositions and on road trips to Austin, for unnecessary consultations among counsel, for excessive times billed for certain activities, for attorney time spent doing clerical work, for time spent soliciting the original plaintiffs and later to get the Amarillo chapter of the NAACP to join this suit, for photo ops with the local news media, and other fees and costs. Some of these objections have merit.

## Standards for Awards of Attorney's Fees

Before a plaintiff can recover attorney's fees and costs pursuant to 29 U.S.C. § 216(b), he must demonstrate that he is a prevailing party. Commonwealth Oil Refining Co., Inc. v. E.E.O.C., 720 F.2d 1383, 1385 (5th Cir. 1983). To determine if the primary relief sought has been obtained the court should compare the allegations made with the results obtained. Commonwealth, 720 F.2d at 1385. A plaintiff may be considered a prevailing party for attorneys' fees purposes "if plaintiff succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 103 S.Ct. 1993, 1939 (1983). "This is a generous formulation..." Id. at 1939.

Defendants argue that this action was brought for the purpose of obtaining an award of attorneys' fees. Defendants contended at the hearing that this lawsuit could have been avoided if representatives from the Hispanic community and/or the African American community had first gone to the Board of Trustees, presented their legitimate complaints, and sought an agreed change in voting scheme. That contention is not supported by evidence or the record.

The Court finds that the agreed change in voting method has the potential to increase the ability of minorities to elect minority-preferred candidates for the Amarillo I.S.D. Board of Trustees. The Court holds that Plaintiffs are prevailing parties for purposes of an award of attorneys' fees and costs.

To determine what attorneys' fees are reasonable and recoverable, the Court must first determine the "loadstar" amount. The term "lodestar" is defined as "the 'initial estimate of a reasonable attorney's fee ... properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984)(citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). See also Missouri v. Jenkins, 109 S.Ct. 2463 (1989)(for discussion of reasonable rate calculation).

In computing the reasonable number of hours spent in preparation of a case, the Court must distinguish between raw hours and billable hours. Henry v. First Nat'l Bank of Clarksdale, 603

4

F.Supp. 658, 664 (N.D. Miss. 1984). The number of actual hours expended on a particular project will not necessarily be the number of "reasonable hours" which should have been expended. Id. at 661 (citing Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983)). Hours which an attorney would not properly bill to his client should not be billed to an adverse party. Id. at 664. Unnecessary duplication of attorney's efforts should not be compensated. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974). Additionally, the Court must find that the application for attorneys' fees filed by Plaintiff's counsel sufficiently allows the Court to determine what constitutes reasonable attorneys' fees in this action. See generally Hensley v. Eckerhart, 461 U.S. 424 (1983); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

"The reasonableness of attorney fee awards ... involves consideration of the twelve factors set forth by [the Fifth Circuit] in Johnson." Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1990). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 103 S.Ct. at 1941. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id. at 1939. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 1939.

5

**Discussion of Attorney's Fees Awarded**

Plaintiffs had five attorneys. All five seek fees and costs. Plaintiffs' attorneys seek total fees in the amount of $168,363.75. That amount includes fees through the filing of their motion. In addition, Rolando Rios seeks an additional 11.0 hours through the date of the September 16 hearing.

Counsel state that they collectively worked a total of 853.05 compensable hours on this case. They request hourly rates between $125.00 and $275.00 for out of court time. Counsel further seek $20,651.95 in taxable costs in this case.

The Court will not award all of the requested fees or costs.

**Attorneys' Fees**

A. *Loadstar*

"As a fee applicant, [Plaintiff] has the burden of proving the reasonableness of the number of hours expended on his prevailing claim." Von Clark, 916 F.2d at 259. "Part of the applicant's ability to meet his burden includes maintaining billing time records in a manner that would enable the reviewing court to identify each distinct claim." Von Clark, 916 F.2d at 259. Summary time sheets are not sufficient to meet Plaintiffs' burden of proof. Id. at 259. "Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim in which the party

prevailed." Von Clark, 916 F.2d at 259. The Court exercises that discretion in this case.

As evidence of their hours, counsel submit summary time sheets that in some instances are "lacking in explanatory detail." Von Clark, 916 F.2d at 259. Entries such as "conference with co-counsel" and "legal research" do not enable the Court to identify fees that are reasonable and recoverable. While coordination of efforts between five attorneys is necessary and allowable, the billing records reflect excessive consultations reporting on, rather than working on litigation.

Counsel seek travel time billed at full rates. Travel time will be allowed, but at reduced hours to reflect a discounted rate.

Time is sought for untimely discovery-related motions upon which Plaintiffs did not prevail. That time is disallowed.

Time is billed for solicitation of clients such as the Amarillo chapter of the NAACP, whose interests in this case were already adequately represented by Mr. Swain. Time was also billed for soliciting minority candidates for the Board of Trustees, who lost, so that a lawsuit could be filed. That time is disallowed.

Time is sought for communications with in-state and out-of-state offices of LULAC and MALDEF regarding settlement of this case, which has not been explained or shown to be either reasonable or necessary.

Counsel seek 21.5 hours of travel time (at full rates) and work hours for three attorneys to travel to Austin to have Gingles I maps generated. Even if that could not have been accomplished by

7

telephone, only one attorney was necessary on such trips. The allowed hours will be reduced to reflect what has been shown to be reasonable and necessary for those activities.

Counsel seek excessive hours for two or three attorneys at depositions of Plaintiffs' experts, when, at most, two would be sufficient. The counsel present asked no questions at the depositions. Counsel also seek fees for having three attorneys at mediation. Likewise, they seek without explanation fees and costs for Plaintiffs' attorney and multiple experts to fly from San Antonio and Houston to Amarillo.

They seek unnecessary fees for attorneys Nina Perales or Rolando Rios to travel from San Antonio to appear before the Amarillo school board at the meeting wherein the settlement was approved. Settlement in this case was negotiated by local counsel J.E. Sauseda and Defendants' counsel Don Dean before the board meeting. Sauseda and Dean reduced the settlement to written form before the meeting. At the meeting, Perales and Rios said nothing, did not ask to address the Board, were not asked to speak, and the proposed settlement was approved without change. Some, but not all, of these hours are not allowed because they have not been shown to be reasonable or necessary.

Counsel seek excessive hours to draft the original complaint, which in itself was not complex given the extensive experience possessed by these attorneys.

They seek attorneys' fees for time spent in clerical duties which are not recoverable.

8

Mr. Rios seeks fees for the same activities as Ms. Perales, but his hours are almost always slightly higher than hers. The hours permitted have been reduced to reflect only what has been shown to be reasonable and necessary.

Many of the hours for Mr. Maldonado have not been shown to be either reasonable or necessary. Specifically, his trip with Mr. Rios and Ms. Perales to Austin, his additional work on the original complaint, his research on how to effect service of process, and his work on unsuccessful discovery motions have not been shown to be either reasonable or necessary. Mr. Maldonado's application contains vague time entries for research and reflect summary entries instead of recording his time in any significant detail.

Mr. Kauffman's time sheets in some instances reflect a lack of specificity and apparently include consultations spent reporting on, rather than working on litigation, as well as raw time which would not normally be billed. Mr. Maldonado and Mr. Kauffman's hours have been reduced, but not eliminated, to reflect what has been shown to have been reasonable and necessary.

The Court also finds that the total number of attorney hours alleged to be expended on this litigation from the date of the inception of this suit until the date of this order should be reduced to reflect the fact that during that time period time was spent by counsel on issues upon which Plaintiffs did not prevail and should not be compensated.

The Court finds the following to be reasonable hourly rates for each attorney on the basis of the rates and practices prevailing in the relevant market:

| | |
|---|---|
| Nina Perales | $150.00 |
| Rolando Rios | $185.00 |
| J.E. Sauseda | $165.00 |
| Albert Kauffman | $185.00 |
| Javier N. Maldonado | $110.00 |

These rates are well in line with those rates prevailing in Amarillo for similar services by lawyers of reasonably comparable skill, experience, and reputation. <u>Jenkins</u>, 109 S.Ct. at 2470. They grant Plaintiffs fully compensatory fees comparable at current rates to what is traditional with attorneys compensated by a fee-paying client. <u>Id.</u> at 2470.

Accordingly, the Court finds that the loadstar of reasonable and necessary attorney's fees upon which the Johnson factors should be applied is:

| | |
|---|---|
| Nina Perales | $150.00 x 289.35 = $43,402.50 |
| Rolando Rios | $185.00 x 119.80 = $22,163.00 |
| J.E. Sauseda | $165.00 x 34.50 = $5,692.50 |
| Albert Kauffman | $185.00 x 8.0 = $1,480.00 |
| Javier N. Maldonado | $110.00 x 6.0 = $660.00 |

Total attorneys' fees allowed are **$73,398.00**

B.  <u>Enhancement of the Loadstar Amount</u>

Counsel have requested an upward modification of the fee request. When a modification of the "loadstar" amount is re-

10

quested, the fee-award factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), must be considered. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. <u>Id.</u> at 717-719./[1]

### 1. Time and Labor Required

This factor is discussed above.

### 2. Novelty and Difficulty of the Questions

The Court finds that the questions upon which Plaintiffs arguably prevailed were not novel or complex, especially given the experience of the attorneys involved. Cases in which causes of action similar to those alleged here have been litigated in reported circuit and district courts. Reported cases in which these counsel were personally involved should have made the merits of this case relatively easy to grasp.

---

[1] The 12th traditional *Johnson* factor, whether the fee is fixed or contingent, will not be discussed because the fact that a case is taken on the risk of nonpayment of attorneys' fees if a party does not prevail is insufficient to enhance the fee award. *Pennsylvania v. Delaware Valley Citizen's Council*, 107 S.Ct. 3078, 3087 (1987).

11

The hours and rate allowed afford adequate compensation for time required by the complexity of this case.

### 3. Skill Requisite to Perform Legal Services

The Court finds that the skill requisite to properly perform the legal services in this action required attorneys with some experience in voting rights litigation. Recognition of the expertise of the attorneys involved in this case is reflected in the high hourly rate awarded.

### 4. Exclusion from other Employment

Nothing in this case prevented counsel from representing other worthy clients. The Court does not find that this case required the attorneys to forego working on cases for "paying" clients to an extent greater than other routine litigation.

### 5. Customary Fees

The hourly rate awarded is at the high end of the customary fees for similarly experienced litigation attorneys in cases of this complexity currently brought in the Northern District of Texas, Amarillo Division.

### 6. Time Limitations Imposed Upon Counsel

The time limitations involved in this action were not unusual or of such an exceptional nature as to require an enhancement of the attorneys' fees awarded.

### 7. Amounts Involved and Results Obtained

The attorney hours found to be reasonable, and the amount determined to be a reasonable rate for attorney's fees, provide adequate compensation for the success achieved in this case.

12

### 8. Experience, Reputation, and Ability of Counsel

The hourly rate awarded reflects the Court's recognition of the experience, reputation, and ability of counsel.

### 9. Undesirability of the Case

This case is not undesirable for a plaintiffs attorney. It is the chosen life's work of at least one of the attorneys in this case.

### 10. Nature and Length of Professional Relationship

There is no evidence of a professional relationship between the fee applicants and counsel which would cause an enhancement in the fee award.

### 11. Fee Awards in Similar Cases

The fee awarded is consistent with fees awarded to prevailing parties in other similar cases.

**Paralegal Fees**

Plaintiffs' counsel seek recovery of paralegal fees. The Court finds that a reasonable and necessary fee for Yolanda Reyes, the paralegal in this case, is not more than $55.00. The Court notes that although counsel state that Ms. Reyes has fifteen years of paralegal experience, she has been a state senator's office manager for 11 of those years and had only been with MALDEF since February of 1999, after she left the senator's staff.

For reasons stated above and as set forth in Defendants' response to Plaintiffs' fee application, Ms. Reyes' time in this case is excessive. Travel hours will be permitted, but reduced. Hours that are obviously wrong, as conceded by counsel at the September 16 hearing, are corrected. The Court reduces the allowed

hours to 68.25 total hours. The total allowable paralegal time is **$3,753.75.**

## Expenses and Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs "to the prevailing party unless the court otherwise directs." Fed. R. Civ. Pro. 54(d).

> 28 U.S.C. § 1920 defines recoverable costs, and a district court may decline to award the costs listed in the statute but may not award costs omitted from the list. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 442, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987). "Only when a clear abuse of discretion is shown can an award of costs be overturned." <u>In re Nissan Anti-Trust Litigation</u>, 577 F.2d 910, 918 (5th Cir.1978).

<u>Coats v. Penrod Drilling Corporation</u>, 5 F.3d 877, 891 (5th Cir. 1993).

The following relevant costs are permissible pursuant to 28 U.S.C. § 1920: (1) fees of the clerks and marshals; (2) fees of the court reporter for stenographic transcripts necessarily obtained for use in the trial; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in a case. 28 U.S.C. § 1920 (West 1994).

Costs are inadequately documented.

No documentation for any expenses has been tendered by Rolando Rios, except for his final trip to Amarillo for the September 16th hearing, or J.E. Sauseda. The Court cannot determine the proper amount of their costs on this record. Except for the cost of travel by Mr. Rios for the September 16, 1999, hearing, these costs are disallowed.

14

The Court finds that most of MALDEF's costs have been adequately documented, but that certain expenses sought are not necessary or taxable in this case. Expenses for two or more persons eating at the same meal will be reduced. Expenses associated with Ms. Perales' trip with the experts to Amarillo have not been explained or shown to have been reasonable. Expenses for commutes from Lubbock to Amarillo for "research" in July of 1998 and March of 1999 have not been explained or shown to have been reasonable. Expenses for office supplies at OfficeMax are part of office overhead, and are not taxable. Costs for depositions which MALDEF did not pay will not be taxed. Federal Express priority and standard overnight packages between co-counsel, experts, and others have not been explained or shown to be reasonable or necessary. Faxes "to the office" at $2.00 per page have not been explained or shown to be reasonable or necessary. Without explanation Plaintiffs seek reimbursement for a $813.56 bill made out to the Underwood Law Firm in Amarillo for copies and binders. A $247.67 bill to MALDEF for hours, milage, gas, and meals from San Antonio to somewhere 178 miles away has not explained or shown to be reasonable or necessary. The Court disallows taxation of those expenses and costs for lack of explanation and any showing of necessity.

No showing has been made of a need for certain travel-related expenses (such as a trip to Corpus Christi). Receipts for travel, taxi, car rental, milage, faxes, copies, and hotel expenses have not been furnished as required by 28 U.S.C. § 1821. Therefore only certain travel expenses are taxed. Plaintiffs have not provided

15

documentation in support of meal expenses at $50.00 per day for Mr. Rios, or 10 meals at a total cost of $425.00. The Court cannot determine if these expenses were reasonable and necessary. Long distance calls to Los Angeles, CA, and elsewhere have not been explained or shown to be reasonable and necessary. Accordingly, some of these expenses will be reduced and some will not be allowed.

The Court will allow recovery of the $150.00 filing fee. Expenses and costs in the total amount of $10,982.10 are allowed to the MALDEF attorneys. Travel by Mr. Rios in the total amount of $316.00 is allowed. The Court cannot determine if any other costs are reasonable and recoverable because of the lack of explanation and/or near total lack of documentation in this record. All other costs and expenses are therefore disallowed.

### CONCLUSION

The Court finds that reasonable and necessary attorneys' fees in this case are a total of **$73,398.00**. The Court finds that reasonable and necessary paralegal fees in this case are a total of **$3,753.75**. Plaintiffs may further recover taxable costs and expenses from the Defendant in this action in the total amount of **$10,982.10** for the MALDEF attorneys and **$316.00** for Rolando Rios. All relief not herein granted is denied.

It is SO ORDERED.

Signed this the 22nd day of September, 1999.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE